Whyte and Roane, Judges,
 

 decided against the opinion of Haywood, Judge, that an order upon a sheriff to * show cause why an attachment should not issue against him for not returning into the office moneys collected by
 
 fi. fa.,
 
 cannot be served on the sheriff by the coroner, there being no act of Assembly authorizing such service, either by the sheriff on others, or by the coroner acting in his place. The act of 1777, ch. 8, extends only to the service of writs, process, and precepts. The act of 1803, ch. 18, is limited to the execution of judgments, sentences, and orders, which latter phrase signifies final orders of the like nature with judgments and sentences. And the fee bills do not provide, for the sheriff or coroner, a compensation for the service of interlocutory orders, or such as give notice of something intended to be done at a future time. Such services should be proved by affidavit of him that makes them. And there being in this case only the return of service by the coroner, the attachment was refused. Now can he, as this case is circumstanced, be proceeded against by judgment upon motion ? For the offense of the sheriff is for not returning the money into the office. The act of 1777, ch. 8, § 5, pro
 
 *423
 
 vides for the returning of process, and for a false return, and for not returning the money ; the two former, by the infliction of penalties, the latter, by judgment on motion for the moneys detained. But such motion must be founded on 10 days’ previous notice : and, in the present instance, such notice has not been given. The act of 1803, ch. 18, provides for the non-return of the writ of execution. And the judgment for this cause may be given on motion for the sum mentioned in the writ, which is a different provision from the penalty directed by the act of 1777, and is consistent with it. The act of 1803 also provides for the non-return of the money after it shall have been collected, and appears to be so on the return indorsed on the
 
 fi.
 
 fa., and shall not be paid to the party entitled to receive it upon application to the sheriff; the meaning of which is, upon application whilst the * money is yet in his hands, before it is returned to court. Such application ought to be made by one who can give a valid receipt for it at the time of reception, not an application by letter; and here such application has not been made. The act of 1803 does not extend to the case of not paying the money into the office ; that is left under the regulation of the former act of 1777, which requires notice of the motion, though it is not required, nor is it necessary, under the act of 1803, precedent to the judgments which may be given under that act. Taking all these acts together, the true construction of them amounts to this : that the sheriff ought, if applied to before he has returned the moneys, to pay them to the person entitled to receive them; but if not applied to, should return them into the office, together with the writ of execution. The difficulty of transmitting moneys to a distant office are not as formidable as hath been ar> gued; for the same hand that may be trusted with the writ may also be trusted with the moneys. And furthermore, they are not the subject of consideration for a court which is to pronounce but not to make the law; and both the common law, as evidenced by the form of the
 
 fi. fa.
 
 and the act of 1777, establish the position that the money is to be returned into court. An exception is made by custom and the act of 1803, which is, unless it be paid to the person entitled to receive it. The court were unanimous respecting the construction of the acts relative to judgments on motion.
 

 See
 
 Nelson
 
 v.
 
 Williams,
 
 4 Hay. 161, and note
 
 sub fin.
 
 King’s Digest, 3662-63, 10,926.